IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LESLIE NAKI, | ) CV. No. 21-00393 HG-RT |
| | ) CR. NO. 20-00054 HG |
| Petitioner, | ) |
| vs. | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

On September 20, 2021, Petitioner Leslie Naki, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 75).

Petitioner seeks to vacate his sentence based on the claim that he received ineffective assistance of counsel. Petitioner alleges that his defense counsel failed to investigate or challenge whether his prior conviction qualified for a sentencing enhancement pursuant to 21 U.S.C. § 841(b)(1)(A).

Petitioner's claim is without merit. Petitioner's prior conviction qualified as a serious drug felony and required an enhanced sentence. No legitimate basis existed to challenge the sentencing enhancement. Petitioner did not receive ineffective assistance of counsel.

1

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 75) is **DENIED**.

## PROCEDURAL HISTORY

### I. Indictment, Information, and Guilty Plea

On October 2, 2019, a criminal complaint was filed as to Petitioner.  (ECF No. 1).

On March 24, 2020, the Magistrate Judge appointed Birney B. Berver as counsel for Petitioner.  (ECF No. 19).

On July 8, 2020, the grand jury returned an Indictment against Petitioner charging him with two counts of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  (ECF No. 24).  The Indictment provides that Petitioner was previously convicted of a serious drug felony, prior to having committed the two offenses charged in the Indictment.

On July 22, 2020, the Government filed a Special Information to Establish Prior Conviction pursuant to 21 U.S.C. § 851 as to Petitioner.  (ECF No. 30).  The Information provides that Petitioner was previously convicted of a serious drug felony for which he served a term of imprisonment of more than twelve months, and for which his release from any term of imprisonment was within fifteen years of the commencement of the offenses charged in the Indictment.

On October 23, 2020, pursuant to a Memorandum of Plea Agreement, Petitioner pleaded guilty to Count 1 of the Indictment, distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  (ECF No. 36).

Petitioner admitted to the following facts in his Memorandum of Plea Agreement:

> The defendant admits that in the United States District Court, District of Hawaii, Cr. No. 95-01109, on February 8, 1999, he was convicted of one count of conspiracy to possess with intent to distribute 100 grams or more of methamphetamine, which is an offense under the Controlled Substances Act with a maximum term of imprisonment of more than ten years. The defendant further admits that he served a term of imprisonment of more than twelve months, and that his release from any term of imprisonment was within fifteen years of his commencement of the offenses charged in the Indictment.

(Mem. of Plea Agreement ¶ 8d at p. 6, ECF No. 38).

**II. Petitioner's Filings**

On November 23, 2020, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2241 and 2243.  (ECF No. 41).

On December 2, 2020, the Court dismissed Petitioner's November 23, 2020 Petition as a result of it having been filed pro se and not through Petitioner's counsel of record, Mr. Bervar.  (ECF No. 41).

On December 16, 2020, Petitioner filed a letter with the Court expressing regret that he did not challenge his Section 851 enhancement before agreeing to plead guilty to Count 1 of the

Indictment.  (ECF No. 43).

On January 8, 2020, Petitioner filed an additional letter with the Court, stating that his prior letter should "in no way" be construed as suggesting that his attorney, Mr. Bervar, was ineffective.  (ECF No. 44).  The letter states that Petitioner was "100% satisfied with Mr. Bervar . . . as [his] attorney."  (Id.)

### III. Petitioner's Sentencing

On April 14, 2021, as to Count 1 of the Indictment, Petitioner was sentenced to a term of imprisonment of 144 months followed by ten years of supervised release.  (ECF No. 52).  Petitioner's sentence reflected the sentencing enhancement established by the Information as well as the Government's motion for a downward departure from the mandatory minimum sentence.  Count 2 of the Indictment was dismissed.

At sentencing, the Court conducted a colloquy with Petitioner about the representation of his attorney, Mr. Bervar.  Petitioner confirmed that he was content with Mr. Bervar's representation.  (Id.)

### IV. Withdrawal of Counsel and Appeal

On April 15, 2021, Mr. Bervar filed a MOTION TO WITHDRAW AS COUNSEL AND TO HAVE NEW COUNSEL APPOINTED.  (ECF No. 54).  The attached Declaration of Counsel states that on April 15, 2021 Petitioner "informed [Mr. Bervar] that he wanted to appeal his

sentence on the issue of [Mr. Bervar's] ineffective assistance of counsel for not challenging the [G]overnment's filing of the Special Information pursuant to 21 U.S.C. § 851," establishing Petitioner's prior conviction for a serious drug felony.

On April 19, 2021, the Magistrate Judge granted Mr. Bervar's Motion.  (ECF No. 61).

On April 20, 2020, through new counsel, Petitioner filed a NOTICE OF APPEAL, appealing his sentence and judgment of conviction.  (ECF No. 62).

On August 26, 2021, the United States Court of Appeals for the Ninth Circuit granted Petitioner's motion for voluntary dismissal of his appeal.  (ECF No. 74).

**V. Section 2255 Petition**

On September 20, 2021, Petitioner filed his MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY.  (ECF No. 75).

On October 26, 2021, the Government opposed, filing a RESPONSE TO DEFENDANT LESLIE NAKI'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY.  (ECF No. 77).

On November 15, 2021, Petitioner filed a Motion requesting leave of Court to file an amended brief.  (ECF No. 78).

On November 23, 2021, the Court denied Petitioner's Motion to amend and extended the deadline for Petitioner to file a

Reply.  (ECF No. 79).

On December 15, 2021, Petitioner filed his Reply.  (ECF No. 80).

The Court elected to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, provides federal prisoners with a right of action to challenge a sentence if:

(1) the sentence was imposed in violation of the Constitution or laws of the United States;

(2) the court was without jurisdiction to impose such a sentence;

(3) the sentence was in excess of the maximum authorized by law;

(4) or the sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

A prisoner may file a motion to vacate, set aside, or correct a sentence.  28 U.S.C. § 2255.  The scope of collateral attack of a sentence is limited, and does not encompass all claimed errors in conviction and sentencing.

A district court must hold an evidentiary hearing to assess

the worthiness of a Section 2255 Motion unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.  28 U.S.C. § 2255(b).

## ANALYSIS

As an initial matter, the Court construes Petitioner Leslie Naki's filings liberally, as he is proceeding pro se.  Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008).

Petitioner's Section 2255 Motion is premised on alleged ineffective assistance of counsel by his appointed counsel Birney Bervar.

A prisoner who alleges ineffective assistance of counsel in a Section 2255 Motion must satisfy the two-part test of ineffective assistance set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, the petitioner must show that counsel's performance was deficient.  Second, the petitioner must show that the counsel's deficient performance was prejudicial.

Petitioner claims that he received ineffective assistance of counsel based on his counsel's alleged failure to investigate and challenge the sentencing enhancement to which he was subjected.  Petitioner alleges that his prior conviction does not qualify as a serious drug felony and, therefore, he should not have received the sentencing enhancement pursuant to 21 U.S.C. § 841(b)(1)(A).

Petitioner's claim fails at step one of the <u>Strickland</u> test. The record conclusively demonstrates that Petitioner's prior conviction does qualify as a serious drug felony pursuant to 21 U.S.C. § 841(b)(1)(A) such that the sentencing enhancement was required.  Petitioner did not receive ineffective assistance of counsel because there was no legitimate basis for his counsel to challenge the sentencing enhancement.

**I. Basis for Petitioner's Enhanced Sentence**

21 U.S.C. § 841(b)(1)(A) requires a fifteen-year mandatory minimum period of incarceration when the offender has a prior conviction for a "serious drug felony."

The term "serious drug felony" is defined as an offense for which:

> (A) the offender served a term of imprisonment of more than 12 months; and
>
> (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense.

21 U.S.C. § 802(57).

Petitioner pleaded guilty to distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  (ECF No. 36).  He further admitted in the Memorandum of Plea Agreement that he was previously convicted of a serious drug felony for which he "served a term of imprisonment of more than twelve months, and that his release from any term of imprisonment was within fifteen years of his commencement of the offenses charged

in the Indictment."  (ECF No. 38).

Petitioner alleges that the wrong date was used to determine whether he was released from his prior term of imprisonment within fifteen years of the commencement of the offense charged in the Indictment.  Petitioner argues that the operative date should have been the date of his release from FCI Beaumont, September 15, 2004, as opposed to the date of his release from Mahoney Hale, March 8, 2005.  Petitioner claims that if the earlier date had been used then his prior conviction would not have qualified as a serious drug felony pursuant to the statutory definition.

First, the date Petitioner was released from Mahoney Hale was the correct date to use in determining whether his prior conviction qualified as a serious drug felony.  Petitioner argues that the date of his release from FCI Beaumont should have been used because his confinement at Mahoney Hale, a halfway home, does not qualify as imprisonment.  (Mot at p. 2, ECF No. 75; Reply, ECF No. 80).  This contention runs counter to clear Ninth Circuit precedent.

A prisoner continues to serve their term of imprisonment when they are held in pre-release custody under conditions to prepare them for reentry into the community. United States v. Miller, 547 F.3d 1207, 1211 (9th Cir. 2008).  Pursuant to 18 U.S.C. § 3621, the Bureau of Prisons has the authority to

designate the place of a prisoner's imprisonment and is given "considerable discretion in assigning a person to a particular facility." Miller, 547 F.3d at 1211.  The Bureau of Prisons may designate that a prisoner serve a portion of his term of imprisonment in conditions that "prepare for the prisoner's reentry into the community," such as a halfway home.  Id.; see also 18 U.S.C. § 3624(c).

Petitioner was still serving his term of imprisonment when he was confined at Mahoney Hale.  The date of his release from Mahoney Hale –- March 8, 2005 –- was therefore the correct date to use in determining that Petitioner's prior conviction qualified as a serious drug felony.

Second, Petitioner's prior conviction would still qualify as a serious drug felony even if the date he was released from FCI Beaumont was used as the operative date.

Petitioner appears to assume that the fifteen-year period contemplated by the statute measures the time between his release from a prior term of imprisonment to the date he was charged. (See Reply at p. 6, ECF No. 80).  That is incorrect.  For a prior conviction to qualify as a serious drug felony, the statute requires that an offender's release from their prior term of imprisonment be within fifteen years of the **commencement of the new offense**.  21 U.S.C. § 802(57); see also, e.g., United States v. Beal, Crim. No. 18-00070 DKW-KJM-12, 2021 WL 4524159, at *8

(D. Haw. Oct. 4, 2021) (analyzing defendant's prior conviction pursuant to 21 U.S.C. § 802(57)).

Petitioner's offense conduct commenced on April 22, 2019. (Mem. Plea Agreement at ¶ 8, ECF No. 38). Even the date Petitioner erroneously believes should have been used –- September 15, 2004 -- is within fifteen years of his commencement of the instant offense. More to the point, the actual date of Petitioner's release from his prior term of imprisonment for purposes of the statute -- March 8, 2005 –- falls within fifteen years of the commencement of his offense.

**II. Petitioner Did Not Receive Ineffective Assistance of Counsel**

Petitioner has not identified any basis on which his sentencing enhancement might have been legitimately challenged. Petitioner's counsel's performance was not deficient under part one of the two-part <u>Strickland</u> test. Petitioner's Section 2255 Motion is accordingly **DENIED**.

//
//
//
//
//
//
//
//

11

**CONCLUSION**

Petitioner Leslie Naki's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 75) is **DENIED.**

IT IS SO ORDERED

DATED: December 29, 2021, Honolulu, Hawaii



Helen Gillmor
United States District Judge